## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: **DAVID MARTINEZ TORRES**<br>SSN xxx-xx-2351 | |
| | CASE NO: **19-03342-ESL** |
| Debtor(s) | **Chapter 13** |

- AMENDED -

## TRUSTEE'S OBJECTION TO PROPOSED PLAN CONFIRMATION UNDER SECTION 1325

*ATTORNEY FEES AS PER R 2016(b) STATEMENT:

Attorney of Record: **ROBERTO FIGUEROA CARRASQUILLO\***

Total Agreed: **$4,000.00**     Paid Pre-Petition: **$500.00**     Outstanding (Through the Plan): **$3,500.00**

*TRUSTEE'S POSITION RE CONFIRMATION UNDER U.S.C. §1325

**Debtor's/s' Commitment Period:** ☐ Under Median Income 36 months   ☑ Above Median Income 60 months §1325(b)(1)(B)
☐ The Trustee cannot determine debtor's/s' commitment period at this time.    Projected Disposable Income: **$0.00**

**Liquidation Value: $7,667.00    Estimated Priority Debt: $8,920.14**

**If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately $0.00**

With respect to the (amended) Plan date: **Jul 19, 2019  (Dkt  12)**     **Plan Base: $24,000.00**

**The Trustee:**   ☐ **DOES NOT OBJECT**  ☑ **OBJECTS**  **Plan Confirmation**   Gen. Uns. Approx. Dist.: **23.25 %**

**The Trustee objects to confirmation for the following reasons:**

[1325(a)(1)] Self-employed Business Debtor - Failure to comply with her/his/their duties. [11 U.S.C.1302(b), 704(a)(2)-(7), and 704(a)(9)]

Debtor generates income as operating a business named Exclusive Communications. As such, the following business documents must be submitted in order to be evaluated by the Trustee:

* Business Questionnaire
* Inventory list disclosing current market value of each business equipment. Values must be supported with actual photos of each item
* IVU Monthly Returns
* Copies of business insurance policies
* Cash Receipts and Account Receivable Statement
* Copies of Bank Statements (both personal and commercial) for the 6 months prior to filing the Voluntary petition
* Schedule of Business Income and Expenses.

[1325(a)(5)] Plan fails to comply with required treatment of allowed Secured Claims.

- The plan fails to provide for secured portion claimed by the Department of Treasury.

[1325(a)(6)] Feasibility – Debtor(s) does not has/have the capacity to make proposed plan payments.

- Debtor must submit evidence of mortgage payments.

[1325(a)(9)] Tax Requirements – Debtor(s) fails to comply with Tax Return filing requirement of [1308].

Debtor has failed to submit evidence of having filed tax return for year 2018. Also has failed to submit

1040PR forms for years 2015-2018.

- Fails to disclose income.

Debtor lists in Schedule I a net business income of $1,992.34. However, after analysis of the pre-petition Monthly Operating Reports submitted by debtor, the calculation of the business' Net Income totals $2,325.67 which is higher than the income listed by debtor. Schedule I and J must corrected in light of the operating reports submitted. Also, plan payments must be increased accordingly.
In addition, debtor must submit the monthly operating reports for the period of June and July 2019.

**CERTIFICATE OF SERVICE**: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney throught CM-ECF notification system.

/s/ Jose R. Carrion, Esq.
**CHAPTER 13 TRUSTEE**
PO Box 9023884, San Juan PR 00902-3884
Tel. (787)977-3535 Fax (787)977-3550

Date: September 03, 2019

/s/ Mayra Arguelles, Esq.

Last Docket Verified: 17    Last Claim Verified: 47    CMC: AM