IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE | * | BKRTCY. NO. 19-03342 ESL |
| MARTINEZ TORRES, DAVID | * | CHAPTER 13 |
| xxx-xx-2351 | | |
| D/B/A EXCLUSIVE COMMUNICATION | * | |
| DEBTOR | * | |

### DEBTOR'S MOTION AND NOTICE OF FILING OF POST-CONFIRMATION MODIFICATION OF CHAPTER 13 PLAN UNDER THE CARES ACT 11 USC §1329(d)

**TO THE HONORABLE COURT:**

**COMES NOW, DAVID MARTINEZ TORRES, D/B/A EXCLUSIVE COMMUNICATION,** the Debtor in the above captioned case, through the undersigned attorney, and very respectfully states and prays as follows:

1. The Debtor is hereby submitting a post-confirmation modification of Chapter 13 Plan, under the CARES Act, 11 USC Section 1329(d), dated July 01, 2020, herewith and attached to this motion.

2. This Plan modification is filed to **amend Part 2, Section 2.1, in order to provide for a payment period that extends the original 60-months provided for in the Debtor's confirmed Plan, this Plan modification extends the payment period up to 63-months, in the above captioned case.**

3. The Debtor's income stems from the operation of a business, d/b/a Exclusive Communication. Due to the COVID-19 pandemic lockdown, the Debtor's business was closed during the months of March, April and May, 2020 and, thus, the Debtor temporarily lost his source of income during said period of time.

Page -2-
Post Confirmation Modification
Under 11 USC 1329(d)
Case no. 19-03342 ESL13

4. As a consequence of the aforementioned situation, the Debtor was unable to pay the monthly confirmed Plan payments of $150.00 for the months of April, May and June, 2020.

5. The first executive order of the Governor of Puerto Rico, OE-2020-023, issued as a response to the COVID-19 outbreak, imposed a lockdown on the general population and did not allow most businesses to be open. This executive order specifically applied to the Debtor's telecommunications business.

6. The Coronavirus Aid, Relief and Economic Security Act (CARES Act) Pub. L. 116-136, enacted on March 27, 2020, added a new paragraph (d) to 11 U.S.C. Section 1329, and provides as follows:

> "(d)(1) Subject to paragraph (3), for a plan confirmed prior to the date of enactment of this subsection, the plan may be modified upon request of the debtor if –
> (A) the debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID-19) pandemic; and
> (B) the modification is approved after notice and hearing.
> (2) A plan modified under paragraph (1) may not provide for payments over a period that expires more than 7 years after the time that the first payment under the original confirmed plan was due.
> (3) Sections 1322(a), 1322(b), 1323(c), and the requirements of section 1325(a) shall apply to any modification under paragraph (1)." 11 U.S.C. Section 1329(d).

7. In the present case, the Debtor meets the requirements of Section 1329(d) as follows:

---the Debtor has a confirmed Plan prior to the date of enactment of Section 1329(d); on October 22, 2019, the Court confirmed (Docket No. 35) the Debtors' proposed Plan dated 09/26/2019, Docket No. 28;

---the Debtor experienced a material financial hardship due, directly or indirectly, to the COVID-19 pandemic lockdown; due to the pandemic/lockdown, the Debtor's business was closed;

Page -3-
Post Confirmation Modification
Under 11 USC 1329(d)
Case no. 19-03342 ESL13

---the Debtor's proposed modified Plan of 07/01/2020, provides for an extension of plan payments from the original 60 months-plan to a 63 months-plan, thus, the same does not provide for payments over a period that expires more than 7 years after the time that the first payment under the original confirmed plan was due.

**WHEREFORE,** the Debtors respectfully request from this Honorable Court to approve the Debtor's proposed modified Plan dated 07/01/2020, as herein submitted.

### NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 3015(f)

**Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

I CERTIFY, that on this same date a copy of this Notice was filed with the Clerk of the Court using the CM/ECF system which will send notice of same to the Chapter 13 Trustee, and all CM/ECF participants; I also certify that a copy of this notice was sent via regular mail to the Debtor and to all creditors and interested parties appearing in the master address list (CM/ECF non-participants), hereby attached.

Page -4-
Post Confirmation Modification
Under 11 USC 1329(d)
Case no. 19-03342 ESL13

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 1st day of July, 2020.

*/s/Roberto Figueroa Carrasquillo*
USDC #203614
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
ATTORNEY FOR the DEBTOR
PO BOX 186 CAGUAS PR 00726
TEL NO 787-744-7699 787-963-7699
FAX 787-746-5294
Email: rfc@rfigueroalaw.com

**UNITED STATES BANKRUPTCY COURT**
**District of Puerto Rico, San Juan Division**

| | |
|---|---|
| In Re<br>**MARTINEZ TORRES, DAVID**<br><br>XXX-XX-**2351**<br><br>XXX-XX-<br><br>**Puerto Rico Local Form G**<br><br>**Chapter 13 Plan dated** 07/01/2020 | Case No: **3:19-bk-3342 ESL**<br>Chapter 13<br><br>[ ] Check if this is a pre-confirmation amended plan.<br><br>[X] Check if this is a post confirmation amended plan<br>Proposed by:<br>    [X] Debtor(s)<br>    [ ] Trustee<br>    [ ] Unsecured creditor(s)<br><br>[X] If this is an amended plan, list below the sections of the plan that have been changed.<br><br>2.1; 3.1 |

## PART 1 Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [ ] Included | [X] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | [ ] Included | [X] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [X] Included | [ ] Not included |

## PART 2: Plan Payments and Length of Plan

2.1 **Debtor(s) will make payments to the trustee as follows:**

*Puerto Rico Local Form G (LBF-G) Chapter 13 Plan Page 1*

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| 150.00 | 09 | 1,350.00 | |
| 0.00 | 03 | 00.00 | |
| 150.00 | 03 | 450.00 | |
| 350.00 | 12 | 4,800.00 | |
| 580.00 | 36 | 20,880.00 | |
| Subtotals | 63 | 26,880.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
[ ] Debtor(s) will make payments pursuant to a payroll deduction order.
[X] Debtor(s) will make payments directly to the trustee.
[ ] Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
[X] None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## PART 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*
[ ] None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

[X] The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Collateral | Current installment payments (Including escrow) | Amount of Arrearage (If any) | Interest rate on arrearage (If any) | Monthly plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Banco Popular De Puert** | URB. PASEOS LOS ARTESANOS 149, LAS PIEDRAS, PR 00791 | 1,463.99 | 8,031.90 | 0.00% | ___ | 8,031.90 |
| | | Disbursed by: [ ] Trustee [X] Debtor(s) | | Months | Starting on Plan Month | |

*Insert additional claims as needed.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

Puerto Rico Local Form G (LBF-G) Chapter 13 Plan Page 2

[X] **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

### 3.3 Secured claims excluded from 11 U.S.C. § 506.

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

### 3.4 Lien Avoidance.

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

### 3.5 Surrender of collateral.

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### 3.6 Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.
[ ] Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of secured creditor | $ Amount of APMP | Comments |
|---|---|---|
| **None** | | |

*Insert additional lines as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

### 3.7 Other secured claims modifications.

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

[X] Secured Claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the Trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Claim ID # | Claim Amount | Modified Interest Rate | Modified Term (Months) | Modified P&I | Property Taxes | Property Insurance (Escrow) | Total Monthly Payment (Escrow) | Estimated Total PMTs by Trustee |
|---|---|---|---|---|---|---|---|---|---|
| Department of Treasury | #07-1 | 3,430.56 | | | | | | | |

## PART 4: Treatment of Fees and Priority Claims

### 4.1 General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

### 4.3 Attorney's fees

*Check one.*

    [X] **Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

*Puerto Rico Local Form G (LBF-G) Chapter 13 Plan Page 3*

**[ ] Fee Application**: The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ **500.00** |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ **3,500.00** |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ **500.00** |

**4.4 Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

[X] The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in $**8,920.14**

| Name of priority creditor | Estimate amount of claim to be paid |
|---|---|
| **Internal Revenue Service** | 7,097.09 |
| **Department of Treasury** | 1,823.05 |

*Insert additional lines as needed.*

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**4.6 Post confirmation property insurance coverage**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

[ ] The sum of $ _____.

[ ] _____% of the total amount of these claims, an estimated payment of $ _____.

[X] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

[ ] If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ _____.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

Check one.

[ ] **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

[X] **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Abdallah A Alasmar | Commercial Lease for d/b/a Exclusive Comm $750.00 per month | 750.00<br>Disbursed by:<br>[ ] Trustee<br>[X] Debtor(s) | 0.00 | | 0.00 |

*Insert additional lines as needed.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1 Property of the estate will vest in the Debtor(s) upon**

*Check the applicable box:*

[X] Plan confirmation.
[ ] Entry of discharge.
[ ] Other: _____

**7.2 Plan distribution by the trustee will be in the following order:**
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

**8.1 Check "None" or list the nonstandard plan provisions**

[ ] **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

### 8.2 This Section modifies LBF-G, Part 3: Retention of Lien:
The lien holder of any allowed secured claim, provided for by the Plan in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).

### 8.3 This section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the plan:
Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds.

*Insert additional lines as needed.*

## PART 9: Signature(s)

/s/Roberto Figueroa-Carrasquillo

Date **July 01, 2020**

Signature of attorney of Debtor(s)
**RFIGUEROA-CARRASQUILLO LAW OFFICE PSC**

_____ Date

_____ Date

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0104-3<br>Case 19-03342-ESL13<br>District of Puerto Rico<br>Old San Juan<br>Wed Jul  1 15:39:22 AST 2020 | BANCO POPULAR PR<br>FORTUNO & RIVERA FONT LLC<br>PO BOX 13786<br>SAN JUAN, PR 00908-3786 | RELIABLE AUTO A DIVISION OF POPULAR AUTO LLC<br>PO BOX 21382<br>SAN JUAN, PR 00928-1382 |
| US Bankruptcy Court District of P.R.<br>Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901-1964 | Banco Popular De Puert<br>209 Munoz Rivera Ave<br>San Juan, PR  00901 | Banco Popular de Puerto Rico<br>PO Box 362708<br>San Juan, PR 00936-2708 |
| CRIM<br>PO BOX 195387<br>SAN JUAN, PR 00919-5387 | DEPARTMENT OF TREASURY<br>BANKRUPTCY SECTION 424 B<br>PO BOX 9024140<br>SAN JUAN, PR 00902-4140 | DTOP<br>PO Box 41269<br>San Juan, PR  00940-1269 |
| Departamento de Hacienda<br>PO Box 9024140<br>San Juan, PR  00902-4140 | EMPRESAS BERRIOS INC<br>PO BOX 674<br>CIDRA PR 00739-0674 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| Midland Credit Management, Inc.<br>C/O Miguel A. Maza Esq.<br>PO Box 364028<br>San Juan, PR  00936-4028 | PUERTO RICO TELEPHONE dba CLARO<br>FRANCISCO SILVA, ESQ<br>PO BOX 360998, SAN JUAN, PR, 00936-0998 | Preferred Home Services, Inc.<br>Asoc Res Paseos Los Artesanos<br>PO Box 4069<br>Bayamon, PR 00958-1069 |
| RELIABLE AUTO, A DIVISION OF POPULAR AUTO LL<br>PO BOX 21382<br>SAN JUAN, PR  00928-1382 | Rodriguez Carde Law Offices PSC<br>Lcda Yarymar Gonzalez<br>PO Box 365061<br>San Juan, PR  00936-5061 | Rush Collection Paralegal Serv Inc<br>Urb<br>EE13 Marginal Villa<br>Bayamon, PR 00956-2749 |
| DAVID MARTINEZ TORRES<br>221 AVE FONT MARTELO<br>HUMACAO, PR 00791-3300 | JOSE RAMON CARRION MORALES<br>PO BOX 9023884<br>SAN JUAN, PR 00902-3884 | MONSITA LECAROZ ARRIBAS<br>OFFICE OF THE US TRUSTEE (UST)<br>OCHOA BUILDING<br>500 TANCA STREET  SUITE 301<br>SAN JUAN, PR 00901 |
| ROBERTO FIGUEROA CARRASQUILLO<br>PO BOX 186<br>CAGUAS, PR 00726-0186 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
PO Box 21126
Philadelphia, PA  19114-0326

End of Label Matrix
Mailable recipients    21
Bypassed recipients     0
Total                  21